**4-22CV-367-p**

A● 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 28 2022

CLERK, U.S. DISTRICT COURT
By_____
Deputy

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): <br> Kent Rogers | Docket or Case No.: |
|---|---|

| Place of Confinement : <br> T. L. Roach Unit | Prisoner No.: <br> 2256795 |
|---|---|

| Petitioner (include the name under which you were convicted) <br> Kent Rogers | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

| The Attorney General of the State of: |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    CDC 396th Tarrant County, Texas

    (b) Criminal docket or case number (if you know): _____

2.  (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing:          04-01-2019

3.  Length of sentence:     Eight (8) Years

4.  In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:    Possession of a Control Substance, namely, methamphetamine 1-4 grams no less than three (3) grams

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☒ (2)  Guilty              ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☑ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☐ Yes    ☑ No

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: ILLEGAL ENHANCEMENT, UNLAWFUL WRONGFUL ARREST, INEFFECTIVE ASSISTANT OF COUNSEL, FOURTH AMENDMENT / TERRY, INSUFFICENT EVIDENCE/NO EVIDENCE

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: COURT OF CRIMINAL APPEALS

(2) Docket or case number (if you know): _____

(3) Result: DENIED

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: INEFFECTIVE ASSISTANCE OT COUNSEL, ILLEGAL

ENHANCEMENT, FOURTH AMENDMENT/TERRY, WRONGFULLY ARRESTED,

INSUFFICENT/NO EVIDENCE.

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: CDC 396th TARRANT COUNTY, TEXAS

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: DENIED

(5) Grounds raised: ILLEGAL ENHANCEMENT, INEFFECTIVE ASSISTANCE,

UNLAWFUL WRONGFULLY ARRESTED, FOURTH AMENDMENT, TERRY

INSUFFICENT EVIDENCE/NO EVIDENCE.

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes     ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☑ No

(3) Third petition:    ☐ Yes    ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    ILLEGAL TRAFFIC STOP

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

DEFENDANT CONTENDS THAT THE POLICE OFFICERS HAD NO PROBABLE CAUSE OR REASONABLE SUSPICION TO PERFORM A TRAFFIC STOP ON THE 3rd DAY OF JANUARY 2018, Alledgely claiming that the defendant did a "Roll Stop" at the Stop sign and did not come to a complete stop. Defendant contends that there is "no police dash cam video" of the defendant doing an alledge "Roll stop" because the police officers were not behind of the defendant at all, and the police officers came out of no where after the defendant was halfway down the service road and getting ready to

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: My Lawyer told me once I signed a plea bangin I could not appeal, because I did not wanted to sign for a eight (8) to begin with because it was unfair, unjust, illegal and too harsh

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:          HABEAS CORPUS 11.07

Name and location of the court where the motion or petition was filed:   396th CDC

TARRANT COUNTY, TEXAS

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   UNITED STATE DISTRICT COURT

TARRANT COUNTY, TEXAS  NORTHERN DIVISION

Docket or case number (if you know):

Date of the court's decision:   DENIAL / APPEAL TO FIFTH CIRCUIT COURT OF APPEALS

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:        Habeas Corpus 11.07

**GROUND TWO:**        UNLAWFUL SEARCH AND SEIZURE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant contends that while he sat in the back of the police cruiser that he never consented or gave his permission to search his car and nor did the officers ask for permission to search defendant's car, they took it upon themselves to search defendant's car without consent. Defendant contends that the government trampled on his rights to be protected from unlawful search and seizure. A violation of defendant's protections against unlawful search and seizure. Fruits of the poisonous tree. It was a bad stop and everything came out of it was tainted. Fourth Amendment 517 U.S. 806-10, 116 S. Ct. 1769, 135 L.ed 2d. 89 (1996) 57. 3d 726, 730 (4th Cir. 1993) Fruit of the Poisonus Tree, Attenuation, Tex. Code Crim Proc. An. art. 38.23 (a) First Amendment

Complaint for violation of Civil Right unlawful search and seizure

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes   ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Habeas Corpus 11.07

Name and location of the court where the motion or petition was filed:        CDC 396th

Tarrant County, Texas

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ☑ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☑ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: UNITED STATES DISTRICT COURT

NORTHERN DISTRICT  FORT WORTH, TEXAS

Docket or case number (if you know): _____

Date of the court's decision: _____ DENIED _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : HABEAS CORPUS 11.07

_____

_____

**GROUND THREE:** UNLAWFUL ARREST / UNLAWFUL ~~DENTION~~ DETENTION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant contends that the police officers wrongfully arrested the defendant based upon evidence gathered in violation of defendant's Fourth Amendment Right and the only evidence supporting his conviction is tainted by a possible constitutional violation. Gibson 411 7.3d at 452 Defendant contends he was arrested without probable cause and an arrest for any kind to transpire there has to be probable cause for the stop. Defendant contends that he was not committing or committed a crime during the unlawful and illegal dention and arrest of the defendant, and illegal traffic stop, and nor did the defendant have any arrest warrants out for his arrest. Page 9 of 16 First Amendment Complaint for violation of Civil Rights for unlawful search and seizure

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)      **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Habeas Corpus 11.07

Name and location of the court where the motion or petition was filed:    396th CDC Tarrant County,

Texas

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?      ☑ Yes    ☑ No VOID

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes    ☑ No VOID

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    UNITED STATES DISTRICT COURT

NORTHERN DIVISION FORT WORTH, TEXAS

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:**    ILLEGAL SENTENCE / ENHANCEMENT ILLEGAL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant contends that he was prejudice because his sentence exceeded the minimum and maximum punishment allowed for his offenses Ex parte Pue, 522 S.W.3d 226, Ex parte Pue No. WR-85447-01 522 S.W.3d 226, 2018 Tex Crim. App. Lexis 63 *19 [238] Defendant Contends that he was being punished as a Habitual Offender under the version of Penal Code § 12.42(d) because sentence was illegal as one of his conviction under a gram was a class A misdemeanor simple possession and could not be used to sentence him as a Habitual Offender and that the defendant is a first time offender of possession of drugs and no prior drug charges, and the Judge said in court it couldn't be use to enhance

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    _____ HABEAS CORPUS 11.07 _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:    CDC 396 th

TARRANT COUNTY, TEXAS

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☑ No 4020 K.A.

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☑ No 402 DK.A.

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    UNITED DISTRICT COURT

NORTHERN DIVISION FORT WORTH, TEXAS

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:    HABEAS CORPUS 11.07

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes        ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

_____

_____

_____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☑ Yes        ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.    UNITED STATES DISTRICT COURT, NORTHERN

DIVISON, FORT WORTH, TEXAS _____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes        ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ABE TRACTOR AND KIM CAMPBELL

(b) At arraignment and plea: ABE TRACTOR AND KIM CAMPBELL

(c) At trial: BRUCE LAMBERT

(d) At sentencing: BRUCE LAMBERT

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Because I filed in the United States District Court you denied and file notice of appeal, went to Fifth Circuit Court of appeals and was granted to re submit my petition as a first timer.

AO 241 (Rev. 09/17)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Time Served, Released from custody, Commuted Sentence, ~~Reduced~~ Sentence Reduction, Relief from consolidated cases, Summary judgement

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  04-22-22  (month, date, year).

Executed (signed) on  4-22-22  (date).

_____  #2256195 _____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

CONTINUATION OF GROUND ONE

GROUND ONE: ILLEGAL TRAFFIC STOP

(a) Supporting facts

Defendant contends that after the defendant was halfway down the service road and getting ready to get onto the freeway headed east on 183. Defendant contends that once he looked up into his rearview mirror that the defendant noticed that there was a bunch of police cars with their flashing lights on coming up behind the defendant! Defendant contends and assumed that the police officers were on a call because there were so many of them that the defendant decided to get out of their way to give them a clean pass to pass him to pass him and then get onto the freeway after the police officers pass him by but instead of the police officers going pass the defendant they stayed right behind the defendant instead of going pass the defendant! Defendant contends that he cut his speed and kept going and get into some light because the service road was dark, and there was no way the defendant was going to stop in the dark on the service road with so many police cars behind him? Defendant contends that the defendant kept going until he came up on a service station and defendant came to a complete stop behind the service station cut his engine off and proceeded to get out his car with his hands up and was told by the police officers to get back into his car. Defendant contends that he complied with the police officers order and got back into his car as was told to do. Defendant asserts then he was told to put his hands out the car window, defendant complied. Defendant contends that he didn't know what was going on and why were there so many police officers were following the defendant?? Defendant wanted to know what was going on and had no clue at all what was going on?? Defendant contends that he didn't have no kind of warrants out for him and he had not been into any trouble at all?? Defendant contends that he was spooked and shocked for the most part because the defendant couldn't wrap his mind why so many police officer, what were they following him and want him for. There's got to be something or maybe they got the wrong guy?? Defendant contends that so many thoughts ran through his mind and head and so many questions because something just didn't sit right about this situation to have so many police officers following him and pulling him over?? Defendant contends that he was told so many times to put his hands out the window get out the car. Defendant contends that that went on for about thirty minutes, get out the car put your hands out the window! Defendant contends that he got tired of the back and forward so defendant choose to just sit in his car until the police officers make up their mind on what they want the defendant to do?? So defendant contends that he sat in his car for a few

more minutes and then got back out of his car and stood there just looking and wondering why so many police officers were out there for him?? Defendant contends that the next order the police officers gave to the defendant while defendant standing outside his car was put my hands in the air with so many guns drawn on me that the officers told the defendant and quote; if the defendant didn't put his hands in the air, they said "Don't make me shoot your stupid ass?? Now the defendant is scared as hell by the threat that the police has made against the defendant's life. Defendant contends why were the police making threats to the defendant to end his life and the defendant had no clue what was going on?? Defendant contends he still had no clue what was going on and why was he stopped in the first place?? So defendant contends that he finally gave in put his hand in the air as was told walked backwards within fifteen (15) feet of where the police officers went Kneel down and laid flat on the ground. Defendant contends that once he laid flat on the ground in an eagle stance that he was rushed by many police officers to put handcuffs on the defendant. Defendant contends that once he was placed in handcuffs, he was put into the back of the police cruiser while the police officers were searching defendant's car without consent or permission. Defendant contends that he asked one of the officers what was going on and why was the defendant being followed and stopped by so many police officers and what was going on?? Defendant contends that the officer response was, and quote; that the defendant was being detained?? Defendant then asked the officer; what was the defendant being detained for?? Defendant contends that the officer didn't respond to why the defendant was being detained just kept walking back to the defendant's car were the other officers were searching the defendant's car without consent or permission from the defendant in violation of the defendant's Fourth Amendment Right. Defendant contends that while he sat in the back of the police cruiser that the defendant was still confused, and scared because the defendant didn't have a clue what was going on only except for being followed by so many police officers, threaten to be killed by the police officers and had no idea why and how all this came about and being unlawful detained without no clue at all and no answers to all of what's going on and happening? Defendant contends that a two minutes had passed by and an officer came to the police cruiser who defendant assume was the officer in charge behind of what was going on! Defendant contends that the officer took the defendant out of the police cruiser and begin asking the defendant questions without Reading or warning the defendant of his Miranda's Right, another

2

violation of the defendant's Civil Rights. Defendant contends that he asked the arresting officer why was the defendant being followed and being detained and the Officer responed and quote; that the defendant was being followed because the defendant had did a "Roll Stop" at the Stop Sign and did not come to a "complete stop". Defendant contends that he responded to the arresting officer saying and quote; they were behind me for a minor traffic violation of a "Roll Stop"! All these police officers were behind the defendant for a minor traffic violation showed guns on the defendant threaten the defendant to kill him if the defendant did not pull his hands in the air ???? Defendant contends that a "MINOR TRAFFIC VIOLATION of a "Roll STOP" did not warranted a illegal traffic stop and with so many police officers. Defendant contends that there had to more to what the arresting officer claim to be but what and why? Defendant contends that the arresting officer begin to questioning the defendant without reading the defendant his "Miranda's Right" and never warned the defendant of his "Miranda's Right"? Defendant contends as stated he never volunteered information to the arresting officer he was only simple answering the arresting officer question as well as asking questions on his own behalf as well! Defendant contends all this over a Roll stop? No warrants for the defendant arrest, no report of the defendant involve in any crime committed or was involved in or nothing of any kind of ▪ a crime been committed by the defendant? Defendant contends that there was more behind this stop that the arresting officer was telling the defendant but what because something was off and did not seen right?? Defendant contends that's when the arresting officer asked the defendant what was the defendant doing in his car while the officers were pointing their guns at the defendant! Defendant contends that he told the arresting officer that he was under the fluence of the drug, and quote; namely; methamphetamine' and that he had eating or swallowed a half gram of the drug and putting the rest of it up and away! Then defendant contends that the arresting officer said that he seen the drug, namely; methamphetamine scatter all over the defendant's car seat and floor board I respored to the arresting officer by saying that it had belonged to me and that I bought it for '20 dollars for a girl I met at a party who introduce me to the drug for the first time in my life ever and we were to meet up that night before my wife get back in town but she won't be in until I send her the money my wife had me to go to the bank and withdraw '1300⁰⁰ dollars out of her account, well our account to send to her I told the arresting officer that I met the girl I was supposed to meet up with at a house party and once I get there everyone but a two people there

3

including me, were not smoking at all. Then this beautiful chick walked up to me ask me do dance, she had a funny looking glass with a big circle on it smoking out of it. She asked me did I want to try it but I refused her several times before she said that we could have some great wild sex and boy did we. I asked her what was it that we were smoking and she said and quote; that it was ice, namely; methamphetamine. Defendant contends that he told the officer that was his first time doing meth and he liked it and was his last time doing it before defendant will get back in town. Defendant contends that he told the arresting officer that he had consumed a half gram of the drug before he get illegal stopped and the arresting officer asked defendant that if the defendant needed an ambulance because he seen people swallowed the drug and their heart freeze bust and die. The defendant contends that he told the arresting officer that he did not need an ambulance because the arresting officer told the defendant and quote: that if he got the defendant an ambulance and that they pump the defendant's stomach and charged the defendant with everything in his stomach. So defendant contends that he refused the service of the ambulance. Defendant contends that the arresting officer kept asking defendant question without reading the defendant his Miranda's Rights. Defendant contends that the arresting officer asked the defendant how much of the drug did the defendant buy and the defendant told the arresting officer that the defendant purchase a gram and a half (1½) and consumed a half gram of it before he had got pulled over. Defendant contends that the defendant and the arresting officer were in debate about how much of the drug did the defendant really have or purchased. Defendant contends that he told the arresting officer he purchase a gram (1½) and a half and the arresting officer told the defendant that the defendant was lying and the defendant had purchase an eight (8) ball. Defendant contends that the defendant and the arresting officer were back and forward on how much of the drug, namely; methamphetamine the defendant had purchase and had on him.?? Defendant contends that then the arresting officer asked the defendant what they call the defendant on the streets while he was looking at my ID in his hands and looking at me when he asked me what they call me on the streets. Defendant contends that the defendant told the arresting officer that they call the defendant by his name on the streets and that was Kent Rogers. Defendant don't know why the arresting officer asked that question when he had my ID in his hand looking at it. Defendant still didn't know why was all this happening to him accept for what the arresting officer told the defendant that he was being stopped for doing a roll stop at the stop sign. Defendant

-4-

contends that the elledge crime that the defendant was falsely allegedly and charge with was only a misdemeanor charge and the elledge changes were created by the police officers when they falsely arrested the defendant without defendant consent or permission and no probable cause to search and because of no probable cause to search defendant's car constituted an invasion of the defendant's right to privacy! Defendant contends that before the traffic investigation that was in progress became one concerning nacotics, thus an narcotics investigation was not in "progress" Defendant contends that the scatter drugs were left in the defendant's car, never picked up or confiscated to enter into evidence against the defendant or enter into the booking of the defendant and was estimated or assumed by the arresting officer of what he think the amount of drugs scatter over and in the defendant's car? Defendant contends that even the arresting officer stated to the defendant that he wasn't or had the time to pick up the scattered drug so he guess what he thought the amount of the drug in and scatter over the defendant's car.[77] Defendant contends that you can't estimate or assume the amount of drugs that there is if you never confiscated the drug to be weigh to know the amounth which is a violation of the defendant's Amendments Rights federal Constitution's Fourth Amendment (232 7d. 1241) Fruit of the Poisonous Tree, Attenuation, Tex Code Crim. Proc Ann. art 38.23(A) Defendant contends that he was obtained and arrested which was the results as an illegal traffic stop. Defendant contends that the resulting of his confession should have been suppressed at trial under the Fourth Amendment Brown v. ILLINOIS, 422 U.S. 590, 603-04, 95 S. Ct. 2254 45. L. Ed. 416 (1975), See MD. CODE Ann. Crim Law § 9-408(b)(1), Shifflett v. State, 80 Md. App. 151, 560 A. 2d 590 (MD 1989) UNITED STATES Bunke, 605 J. Supp. 2d 688, 699-701 (D MD 2009) Sprinkle v. 106 7d. at 619, UNITED STATES v. BAILEY, 691 7.2d 1009, 1018 (11th Cir. 1982), Fourth Amendment, 517 U.S. 806-10, 116 S. Ct. 1769, 135 L.Ed 2d. 89 (1996), S.7. 3d 726, 730 (4th Cir. 1993), 73 OHIO St. 3d 650, 653 N.E. 2d 695 (1995) · 696 516 U.S. 1157 (1996) MICHIGAN v. LONG, 463 U.S. 1032, 77 L. Ed 2d 1201, 103 S. Ct. 3469 (1983), Art 1, § 14 of the OHIO CONSTITUTION, Fourth Amendment, STATE v ROBINETTE, 73 OHIO St. 3d 650 OHIO 162, 653 N. E 2d. 695, 1995 OHIO LEXIS 1872 (1995) LUMPKIN v. STATE, 129 S.W. 3d 659, THORNTON v. STATE S.W. 3d 289, RABB v. STATE, 434 S.W. 3d 613 Defendant contends that while he sat in the back of the arresting officers car constituted an arrest without warrant or probable cause, again a violation of his protections against unlawful search and seizure fruits of the Poisonous Tree. It was a bad stop! Because the defendant had no warrants or nothing out on him for no crimes or was engaging in any kind of crime, or reports that defendant was involved in any kind of crimes. Defendant contends that the drugs were found during the illegal arrest and illegal detention of the defendant and invasion of defendant's right to privacy! Defendant contends that the only answer he got from the arresting officer what was all this was about was it was because defendant did a "Roll stop and not a complete stop!

Defendant contends that he was never written a citation for the alledge Roll stop or failing to stop while the police were behind him. Defendant contends that he was never cited for anything. Defendant contends that he also made bond on January 5, 2018 and the North Richland Hills police didn't released the defendant until January 6, 2018 Saturday going into Sunday morning at 2:00 am still illegally holding the defendant against his will after the defendant had posted bail and signed the bail bond ?? Another violation of defendant Rights, illegally being detained. Defendant contends that he was illegally arrested and was charged with felony charges when they were only simple possession if any Class A misdemeanor charges and not enough too warranted a harsh and too excessive sentence of eight (8) years that exceeded the maxium punish of two years State jail punishment because the defendant had no prior drugs arrest in his record and nor had the defendant ever been arrested for drugs. Defendant contends that the Trial Court had made his under a gram, namely, methamphetamine a second degree felony in the original indictment and once the defendant had filed his 11.07 Habeas Corpus Writ the D.A. of Tarrant County, Texas filed a motion with the Court of Appeals in Austin saying that their clerk made a mistake in the indictment and wanted to change and correct the error and make the under a gram, namely methamphetamine a third degree felony which they use to illegally to enhance defendant sentence to use for his prior sentence. Again defendant contends that he had no prior record of drugs or possession of any kind of drugs. Another violation of defendant Amendments Rights and the Bill of Right for Criminal defendants. Defendant contends that possession of less than one gram of methamphetamine is a State jail felony. Id at § 481.115 (b), Tex Health & Saftey Code Ann § 481.102 (3) (D); 481.115 (A) (West 2017 & Supp. 2019). See Brooks v. State 323 S.W. 3d 893, 912 (Tex Crim. App. 2010) Defendant contends that there is no justification or valid reason for the State of Texas to sentence the defendant to the penitentiary for State jail charges?? Defendant contends that he was booked into the North Richland Hill jail without any drugs on him or enter into evidence and it was the word of mouth by the arresting officer how much drug of methamphetamine was scatter in defendant car over the floor board and car seat but never into enter to evidence against the defendant. Defendant contends that so were or how can the arresting officer charge defendant with possession if they never picked up the scatter drug out of defendant's car and enter it into evidence and the amount of the drug?? All this over a "Roll STOP" minor traffic infraction if that? Defendant contends that it was more behind this stop than it seems but what? Defendant contends he had no clue what was going on and was threaten by the police officers to kill the defendant over a minor traffic violation, and illegally and unlawfully arrested without probable cause.

-6-

GROUND FIVE: NO EVIDENCE / INSUFFICIENT EVIDENCE.

DEFENDANT contended that he did not commit the offense of Tampering with evidence Defendant contends was legally insufficient to support his conviction because there was no evidence that an investigation in which the methamphetamine would serve as evidence was pending or in progress, and that the defendant had no knowledge that an investigation Regarding narcotics was pending. Defendant contends that it was a bogus alledge minor traffic stop that was illegal to begin with, namely, a "Roll STOP" that that turned into a narcotics and the alledge drug charges and that there was no investigation or official proceeding pending or in progress were the methamphetamine would have been part of evidence Relevant to that investigation. See Pannell V. State 7 S.W. 3d 222 (Tex. App.-Dallas 1999 pet. ref'd) Jackson V. Virgina [*19] 443 U.S. 307, 99 S.Ct. 2781, L.Ed 2d 560 (1979), Cada V. State, 334 3d 766. Defendant contends that the only evidence is the statement of the defendant in the arrest Report do the arresting doing the unlawful search and unlawful Seizure without probable cause. Defendant contends that all evidence against the defendant should be excluded because of the probable cause for search constituted an invasion of defendant's Right to privacy! Defendant contends that the evidence obtained in violation of the Fourth Amendment is inadmissible. Wong Sun V. United States, 371 U.S. 471 486, 83 S.Ct. 407, 9 L.Ed 2d 441 (1963), Whren, 517 U.S. at 810; Hassan EL, S.7. 3d at 730 Defendant contends that the drug namely methamphetamine was discover as a direct Result of a illegal traffic stop. Defendant contends that he was entitled to an instruction on the lessen-included offense and that he was harmed by its exclusion. Defendant contends that when the defendant was booked into the North Richland Hills police department he was booked without the drug namely methamphetamine into evidence against him because the arresting officer left the scattered drug of methamphetamine as it were on the defendant floor board and car seat and never picked the drug up only estimated and assume how much the drug of methamphetamine it was? Another violation of the defendant Civil Rights and Due Process of Law and the defendant Bill Of Rights for Criminal Defendants. Defendant contends that there is no crime lab report of how much of a drug of methamphetamine to properly charge the defendant with no there is no photos of the inside of the defendant's car or car seat where the drugs were discover as a direct results of the illegal traffic stop. PORTER V. STATE, 873 S.W.2d 729 RODGERS V. STATE, 2004 TEX App. LEXIS 8919, BROWN, 911 S.W.2d at 747, HERNANDEZ V. STATE, 867 S.W.2d 900, MARES V. STATE, 801 S.W.2d 121, HUMASON V. STATE, 728 S.W. 2d 368 (Tex App. 1987); BURNS V. STATE, 676 S.W.2d 118 120 (Tex. Crim. App. 1984), HUMASON 728 S.W.2d at 366; Moore V. State 640 S.W.2d 300, 302 (Tex. Grimp. Crim. App. 1982)

Excuted on the 22 day of April 2022

2256795

AUTHORITIES CITED

UNITED STATES CONSTITUTION U.S. CONST. AMEND. IV.

UNITED STATES V. BAILEY, 619 F. 2d 1009, 1018 (11th Cir. 1982)

UNITED STATES V. DUAKE, 605 F. Supp. 2d 688, 699-701 (D. MD 2009) SPRINKLE, 106 F 3d at 619

WONG V. UNITED STATES, 371 U.S. 471, 486, 83 Ct. 407, 9 L.Ed 2d 441 (1963)

FOURTH AMENDMENT 517 U.S. 806-10, 116 S.Ct. 1769, 135 L.Ed 2d 89 (1996) S.F.3d 726, 730 (4th. Cir. 1993)

73 OHIO ST. 3d 650, 653 N.E. 2d 695 (1995) -696 516 U.S. (1996)

WHREN, 517 U.S. at 810; HASSAN EL S.F. 3d at 730

BROWN V. ILLINOIS 422 U.S. 590, 603-04, 95 S.Ct. 2254 45 L.Ed 416 (1975)

MD. CODE ANN. CRIM LAW § 9-408 (b)(1); SHIFFLETT V. STATE, 80 MD App. 151, 560 A.2d 587, 590 (MD 1989)

MICHIGAN V. LONG 463 U.S. 1032, 77 L. Ed 2d 1201, 103 S.Ct. 3469 (1983)

ART 1 § 14 OF OHIO CONSTITUTION FOURTH AMENDMENT

HERNANDEZ V. STATE 867 S.W. 2d 900

HERNANDEZ V. STATE, 636 S.W. 2d 617

HERNANDEZ V. STATE 938 S.W. 2d 770

MARES V. STATE 801 S.W. 2d 121

FARRIS V. STATE, 811 S.W. 2d 577 (Tex Crim.App. 1990)

TODD 598 S.W. 2d at 291-293

RABO V. STATE 434 S.W. 3d 613

THORNTON V. STATE, 425 S.W. 3d 289, 299-300

LUMPKIN V. STATE, 129 S.W. 3d 659

PORTER V. STATE, 873 S.W. 2d 729

RODGERS V. STATE, 2004 Tex App. LEXIS 8319

BROWN, 911 S.W. 2d at 747

HUMASON V. STATE 728 S.W. 2d 368 (Tex Crim. App. 1987) BURNS V. STATE, 676 S.W. 2d 118, 120 (Tex. Crim. 1984)

HUMASON 728 S.W. 2d at 366; MOORE V. STATE 640 S.W. 300, 302 (Tex Crim. App 1982)

PANNELL V. STATE, 7 S.W. 3d 222 (Tex App. Dallas 1999 pet ref'd S.F. 3d 726, 730 (4th Cir. 1993 FRUIT OF THE POISONOUS TREE

Ex parte PUE, 552 S.W. 3d 226

Ex parte PUE WR No. 85 477-01 552 S.W. 3d 226 (2018 Tex. Crim. App. LEXIS 63**19 ("258)

Ex parte MORALES, 212 S.W. 3d 483

UNITED STATES V. HULLOMAN, 113 F.3d 192, 196 (11th Cir. 1997)

Ex parte RICH, 194 3d 508

Ex parte Cashman, 671 S.W. 2d 457-58 (Tex Crim. App. 1984)

500 [*** 13] U.S. at 248-249

STATE V. ROBINETTE, 73 OHIO St. 3d 650, 1995 OHIO 162, 653 N.E. 2d 695, 1995 OHIO LEXIS 1872 (1995)

AUTHORITIES CITED

FARRIS V. STATE, 759 S.W. 2d 518 (Tex App. Fort Worth 1998)

GARRETT V. STATE, 749 S.W. 2d 784, 803 (Tex Cr. App. 1986)

SHARDER V. STATE 30 Tex 386 (1867)

JACKSON V. VIRGINIA [**19] 443 U.S. 307, 99 S. Ct. 2781, L. Ed 2d 560 (1979)

CADA V. STATE, 334 S.W. 3d 766  2011 Tex Crim. App. LEXIS 206

BROOKS V. STATE 323 S.W. 3d 893, 912 (Tex Crim. App. 2010)

BOWEN V. STATE, 374 S.W. 3d 427 (Tex Crim. App. 2012)

Tex. Penal Code Ann § 7102 (A)(5)

Tex. Health & Saffey Code Ann. § 481.115(e)

Tex. Health & Saffey Code Ann. § 481.102(3)(D); 481.115(A)(West 2017 & Supp. 2019) Id at § 481.115(B)

ATTENUATION, Tex. Code Crim. Proc. Ann. art. 38.23 (A)

Tex. Penal Code Ann § 12.42 (D)

Tex. Penal Code Ann. § 21.12 (Supp. 2005)

Tex Fam. Code Ann. § 2003

Tex Penal Code Ann § 43.02 (A)(1)

Tex. Code Crim. Proc. Ann. art. 38.07 (1990)

Tex Code Crim Proc. Ann. Art 44.01 (A)(1)

Tex Penal Code Ann. § 37.09 (A)(1)

Tex. Penal Code Ann § 15.01 (D)(2019)

Tex Penal Code Ann § 1.07 (A)(34)(West Supp. 2019)

73 Ohio St. 3d 650 N.E. 2d 695

RABB V. STATE, 434 S.W. 3d 613 (Tex Crim. App. 2014)

Tex Code Crim. Proc. Ann art 11.07

Ex parte Cashman, 671 S.W. 2d 510, 512 (Tex Crim App 1984)

Ex parte WHITE, 659 S.W. 2d 434, 435 (Tex Crim App. 1983)

DUPLECHIN V. STATE, 652 S.W. 2d 937-38 (Tex Crim App. 1983)

Tex Crim. App. LEXIS 63 *19 (*23a) Class A Misdemeanor 119 S.W. 3d at 803

2

# U.S. District Court
## Northern District of Texas (Fort Worth)
### CIVIL DOCKET FOR CASE #: 4:20-cv-00418-P

Rogers v. Davis
Assigned to: Judge Mark Pittman
Lead case: 4:20-cv-00408-P
Member case: (View Member Case)
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 04/29/2020
Date Terminated: 05/06/2020
Jury Demand: None
Nature of Suit: 530 Prisoner Pet/Habeas
Corpus: General
Jurisdiction: Federal Question

**Petitioner**

**Kent Altonio Rogers**                          represented by **Kent Altonio Rogers**
2256795
TDCJ Roach Unit
15845 FM 164
Childress, TX 79201
PRO SE

V.

**Respondent**

**Unnamed Respondent**
*TERMINATED: 05/04/2020*

**Respondent**

**Lorie Davis-Director TDCJ-CID**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/29/2020 | 1 | PETITION for Writ of Habeas Corpus (2254) filed by Kent Altonio Rogers. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (wxc) (Entered: 05/01/2020) |
| 04/29/2020 | 2 | New Case Notes: A filing fee has not been paid. (For court use only - links to the prior sanctions found national and circuit indexes.) File to staff attorney PW. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. (wxc) (Entered: 05/01/2020) |
| 04/29/2020 | 3 | Notice and Instruction to Pro Se Party (wxc) (Entered: 05/01/2020) |

| 04/29/2020 | 4 | Standing ORDER Concerning Paper Filing in Cases Assigned to District Judge John McBryde/Partial Suspension of Standing Order of 1/15/19 - The directive in paragraph 1 requiring that no document be filed by electronic means, and the directive in paragraph 2 requiring that paper copies of electronically filed documents be delivered to the clerk for filing, are suspended until 6/8/2020...see order for specifics. (Ordered by Senior Judge John McBryde on 4/29/2020) (Attachments: # 1 Partial Suspension) (wxc) (Entered: 05/01/2020) |
| --- | --- | --- |
| 05/01/2020 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:2,3,4. Fri May 1 10:18:39 CDT 2020 (crt) (Entered: 05/01/2020) |
| 05/04/2020 | 5 | ORDER OF TRANSFER... The court ORDERS that the above-captioned action be, and is hereby, transferred to the docket of the Honorable Mark Pittman for possible consolidation with 4:20-CV-408-P. Case Reassigned to Judge Mark Pittman. Senior Judge John McBryde no longer assigned to the case. (wxc) (wxc). (Entered: 05/04/2020) |
| 05/04/2020 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:5. Mon May 4 16:29:10 CDT 2020 (crt) (Entered: 05/04/2020) |
| 05/04/2020 | 6 | New Case Notes: A filing fee has not been paid. (For court use only - links to the national index and to the prior sanctions found within the circuit index.) File to: staff attorney PW. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (wxc) (Entered: 05/05/2020) |
| 05/04/2020 | 7 | Notice and Instruction to Pro Se Party (wxc) (Entered: 05/05/2020) |
| 05/05/2020 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:6,7. Tue May 5 15:58:04 CDT 2020 (crt) (Entered: 05/05/2020) |
| 05/06/2020 | 8 | ORDER CONSOLIDATING CASES: Member case(s) 4:20cv418 and 4:20cv419 consolidated with lead case 4:20cv408. Member case administratively closed following consolidation. Further docketing should be in lead case 4:20cv408. (Ordered by Judge Mark Pittman on 5/6/2020) (wxc) (Entered: 05/06/2020) |
| 05/06/2020 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:8. Wed May 6 08:33:20 CDT 2020 (crt) (Entered: 05/06/2020) |

CLOSED,MEMBER,STPSW

# U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:20-cv-00419-P

Rogers v. Unnamed Respondent
Assigned to: Judge Mark Pittman
Lead case: 4:20-cv-00408-P
Member case: (View Member Case)
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 04/29/2020
Date Terminated: 05/06/2020
Jury Demand: None
Nature of Suit: 530 Prisoner Pet/Habeas
Corpus: General
Jurisdiction: Federal Question

**Petitioner**

**Kent Altonio Rogers**                  represented by   **Kent Altonio Rogers**
2256795
TDCJ Roach Unit
15845 FM 164
Childress, TX 79201
PRO SE

V.

**Respondent**

**Unnamed Respondent**
*TERMINATED: 05/04/2020*

**Respondent**

**Lorie Davis-Director TDCJ-CID**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/29/2020 | 1 | PETITION for Writ of Habeas Corpus filed by Kent Altonio Rogers. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (tln) (Entered: 04/30/2020) |
| 04/30/2020 | 2 | New Case Notes: A filing fee has not been paid. (For court use only - links to the national index and to the prior sanctions found within the circuit index.) File to: staff attorney PW. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (tln) (Entered: 04/30/2020) |
| 04/30/2020 | 3 | Notice and Instruction to Pro Se Party. (tln) (Entered: 04/30/2020) |

| 05/01/2020 |   | ***Clerk's Notice of delivery: (see NEF for details) Docket No:2,3. Fri May 1 07:49:49 CDT 2020 (crt) (Entered: 05/01/2020) |
|---|---|---|
| 05/04/2020 | 4 | ORDER: On April 29, 2020, the clerk of Court received three petitions by Petitioner, Kent Altonio Rogers, for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254. Review of the petitions reveals that they challenge state convictions Petitioner received in the same court, on the same date, and raise the same or similar grounds for relief. Under these circumstances, the instant petition should be TRANSFERRED to the docket of the Honorable Mark Pittman for possible consolidation with Civil Action No. 4:20-CV-408-P. (Ordered by Judge Reed C. O'Connor on 5/4/2020) (tln) (Entered: 05/04/2020) |
| 05/04/2020 | 5 | New Case Notes: A filing fee has not been paid. (For court use only - links to the national index and to the prior sanctions found within the circuit index.) File to: staff attorney PW. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (tln) (Entered: 05/04/2020) |
| 05/04/2020 | 6 | Notice and Instruction to Pro Se Party. (tln) (Entered: 05/04/2020) |
| 05/04/2020 |   | ***Clerk's Notice of delivery: (see NEF for details) Docket No:4,5,6. Mon May 4 13:27:36 CDT 2020 (crt) (Entered: 05/04/2020) |
| 05/06/2020 | 7 | ORDER CONSOLIDATING CASES: Member case(s) 4:20cv419 consolidated with lead case 4:20cv408. Member case administratively closed following consolidation. Further docketing should be in lead case 4:20cv408. (Ordered by Judge Mark Pittman on 5/6/2020) (wxc) (Entered: 05/06/2020) |
| 05/06/2020 |   | ***Clerk's Notice of delivery: (see NEF for details) Docket No:7. Wed May 6 08:45:10 CDT 2020 (crt) (Entered: 05/06/2020) |

# United States Court of Appeals
# for the Fifth Circuit

No. 20-10867

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2021

Kent Altonio Rogers,

Lyle W. Cayce
Clerk

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, Director, Texas Department of
Criminal Justice, Correctional Institutions Division,

*Respondent—Appellee.*

Application for Certificate of Appealability from the
United States District Court for the Northern District of Texas
USDC No. 4:20-CV-408

ORDER:

Kent Altonio Rogers, a Texas state prisoner, moves this court for a certificate of appealability (COA) to challenge the dismissal of his federal habeas petition for failure to prosecute under Federal Rule of Civil Procedure 41(b).

To obtain a COA, Rogers must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When, as here, the district court's dismissal is based exclusively upon a procedural ground, "a

No. 20-10867

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court dismissed Rogers' habeas petition without prejudice after Rogers failed to comply with its order to pay the $5.00 filing fee for habeas petitions within the allotted 30-day timeframe. **ROA.131.** While Rogers attempted to comply with the court's order by submitting a money order in the amount of $6.00 payable to "Potter County," it was returned to him on June 1, 2020, because it was for the incorrect amount and not made payable to the "Clerk, U.S. District Court." **ROA.129.**

Rogers has not made the requisite showing that jurists of reason would debate whether the district court was correct in its procedural ruling. Once Rogers pays the $5.00 filing fee and re-submits his habeas petition, it will "be treated as 'any other first petition'" and not subject to the restrictions on successive habeas petitions under the Antiterrorism and Effective Death Penalty Act. *Id.* at 487. Therefore, without reaching the merits of Rogers' constitutional claims, we deny his motion for a COA.

JAMES C. HO
*United States Circuit Judge*

Certified as a true copy and issued
as the mandate on Dec 30, 2021

Attest:   Jyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

2

4-22-22

6:45 p.m.

Dear Law Clerk

Please find enclosed 3 writs of 2254 to be file in the United States District Court Pro Se. Please send me a letter once you have recieved these writs date recieved, date stamped, and date serviced upon your Honorable Court and Honorable Judge as soon as you have recieved them ~~today~~ and bring them to the attention to Ms. Lanen M. Wichell as well. Thank you fur your time in this matter.

Respectfully
Kent Rogers 2256755
Reach Unit
15845 J.M.164
Childress, Tx 79201

P.S Defendant respectfully asked your Honorable Court to proceed in Foamus Paupens if he may and it pleases you?



Kent Rogers 2256795
Roach Unit
15845 F.m. 164
Childress, Tx 79201

RECEIVED
APR 28 2022
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION

C/o Ms. Karen S. Mitchell
Office of
Clerk of the U.S. District Court
501 W. Tenth St. Rm 310
Fort Worth, Texas 76102

Legal Mail